JONES v SHERMAN

Docket No. 217860. Submitted October 11, 2000, at Marquette. Decided December 15, 2000, at 9:10 A.M.

Kazhmere Jones, a prison inmate, brought an action in the Alger Circuit Court against Jerry Sherman, a hearing referee, and Kenneth McGinnis, Director of the Department of Corrections, seeking money damages for the defendants' alleged violation of the plaintiff's civil rights by following allegedly biased customs and policies at a major misconduct violation hearing at which the plaintiff was found guilty. The action was brought against the defendants in their individual capacities, not in their official capacities, for actions relating to their official conduct. The court, Charles H. Stark, J., granted summary disposition in favor of the defendants. The plaintiff appealed.

The Court of Appeals *held*:

1. The court properly granted summary disposition pursuant to MCR 2.116(C)(8). A plaintiff bringing an action for money damages against state employees for violating the plaintiff's state constitutional rights by carrying out a custom or policy of the state must show that the alleged violation occurred by virtue of a government custom or policy that governmental employees were carrying out in the exercise of their official capacity. The plaintiff's action was brought against the defendants in their individual capacities only.

2. The court properly granted summary disposition pursuant to MCR 2.116(7) with regard to the hearing referee on the basis that the referee was acting pursuant to MCL 791.251 *et seq.*; MSA 28.2320(51) *et seq.*, and therefore was entitled to absolute judicial immunity.

Affirmed.

GOVERNMENTAL IMMUNITY — HEARING REFEREES — MAJOR MISCONDUCT HEARINGS.

A Michigan prison hearing referee acting pursuant to MCL 791.251 *et seq.*; MSA 28.2320(51) *et seq.*, at a major misconduct hearing is entitled to absolute judicial immunity with regard to actions relating to official conduct.

Kazhmere Jones, in propria persona.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, and *H. Steven Langschwager*, Assistant Attorney General, for the defendants.

Before: GRIBBS, P.J., and KELLY and HOEKSTRA, JJ.

GRIBBS, P.J. Plaintiff appeals as of right from the circuit court order granting summary disposition in favor of defendants. MCR 2.116(C)(7), (8). We affirm.

Plaintiff, an inmate, was charged with a major misconduct violation by a prison guard at the Alger Maximum Correctional Facility and was found guilty by a hearing referee. Plaintiff seeks money damages in the amount of $30,000, in this state constitutional tort action, for the finding of guilt with regard to his major misconduct violation. He contends that the hearing referee at the major misconduct hearing violated his rights of due process and fair and just treatment under Const 1963, art 1, § 17, by carrying out or following biased customs or policies of the Department of Corrections, and that the then director of the department approved the implementation of those biased customs or policies.

Plaintiff argues on appeal that the trial court erred in granting summary disposition pursuant to MCR 2.116(C)(8), because his complaint stated a claim on which relief could be granted. We disagree. We review de novo a trial court's decision to grant or deny summary disposition. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

A plaintiff can bring a cause of action for damages against state employees for allegedly violating the plaintiff's state constitutional rights by carrying out a custom or policy of the state. *Johnson v Wayne Co*,

213 Mich App 143, 150; 540 NW2d 66 (1995). The plaintiff must show that the alleged constitutional violation occurred by virtue of a government custom or policy that governmental employees were carrying out in the exercise of their official capacity. *Id.* at 150-151. Here, plaintiff chose to bring an action for money damages against the hearing referee and the then director in their individual capacities only, rather than in their official capacities, for actions relating to their official conduct. The trial court correctly granted defendants' motion for summary disposition pursuant to MCR 2.116(C)(8).

Plaintiff also argues that the trial court erred in granting summary disposition with regard to the hearing referee pursuant to MCR 2.116(C)(7) on the ground of judicial immunity. Again, we disagree. A Michigan prison hearing officer acting pursuant to MCL 791.251 *et seq.*; MSA 28.2320(51) *et seq.*, may be entitled to absolute judicial immunity. Although not binding on us, we find the reasoning of *Shelly v Johnson*, 849 F2d 228, 229-230 (CA 6, 1988), persuasive:

> [T]he Michigan prison hearing officer is an attorney especially appointed to conduct prison disciplinary hearings as a full time judicial officer, wholly independent of the warden and other prison officials in the prison in which he conducts his hearings. He is guided by strict statutory procedural rules and his decision is subject to appellate review in the Michigan courts. His role for all practical purposes is similar to that of an administrative law judge and as such he should be entitled to absolute judicial immunity . . . . [*Id.* at 230.]

See also *Loukas v Hofbauer*, 784 F Supp 377, 380 (ED Mich, 1991). As the federal courts have recognized, hearing officers in Michigan have much in common

with other judicial officers. They are required to be attorneys, their adjudicatory functions are spelled out at length by statute, they are subject to disqualification upon a showing of bias, and their decisions must be in writing and provision is made for rehearing and for judicial review in the Michigan courts. *Shelly, supra*; MCL 791.251 *et seq.*; MSA 28.2320(51) *et seq.* The hearing referee in this case was acting pursuant to MCL 791.251 *et seq.*; MSA 28.2320(51) *et seq.*, at the major misconduct hearing, and, in that capacity, was entitled to immunity. MCL 691.1407; MSA 3.996(107). The trial court properly granted summary disposition under MCR 2.116(C)(7).

Affirmed.